## TONY ELFELT v. RED OWL STORES AND ANOTHER. MINNESOTA INDEMNITY, INC., INTERVENOR.

206 N. W. 2d 370.

March 30, 1973—No. 43774.

*Robert M. Swanson,* for relator.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, R. Gregory Stephens,* and *Mary Jeanne Coyne,* for respondents employer and insurer.

PER CURIAM.

Certiorari on the relation of employee to review a decision of the Workmen's Compensation Commission denying compensation.

Employee challenges the commission's finding that the injury did not arise out of and in the course of employment.

After punching out for his scheduled supper break, employee left the grocery area in which he worked and went to the sporting goods department to meet a fellow employee for supper. Employee followed the second employee to the timeclock location. When he reached the doorway in the rear of the sporting goods department, the employee jumped up to touch his hand on the rafter above the doorway. In doing so, the ring on his right ring finger caught between two bolts which fastened an electrical conduit to the wall. He sustained an injury which resulted in the loss of that finger.

Reasonable means of ingress and egress were provided for the employees. Employee's unfortunate, but improvident, act created a hazard in an otherwise safe route. This action took him outside the scope of his employment. Corcoran v. Fitzgerald Brothers, 239 Minn. 38, 58 N. W. 2d 744 (1953). The commission's finding that the injury did not arise out of employment is affirmed.

Affirmed.